The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104-6833
Dear Senator Faris:
I am writing in response to your request for my opinion on the following questions:
 If an Arkansas student attends an Arkansas school supported by state tax dollars and the school is open to the public, is that school a "free public school" as referenced in Ark. Const. art. 14, sec. 1?
 If the answer to question 1 is "yes," is the state required to provide funding to ensure that the school's academic facilities are sufficient to provide a substantially equal opportunity for an adequate education under Arkansas law?
As background, you have supplied the following information:
 Article 14 Section 1 of the Arkansas Constitution mandates that "the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education." The Arkansas Supreme Court in Lake View has interpreted that portion of the constitution to mean that the State must provide all Arkansas students with a "suitable equal educational opportunity." Furthermore Article 19 Section 19 of the Arkansas Constitution states, "It shall be the duty of the General Assembly to provide by law for the support of institutions for the education of the deaf and dumb, and of the blind."
Two schools in Arkansas that are open to the public, educate Arkansas students, and receive tax dollars are the Arkansas School for the Deaf and the Arkansas School for the Blind. However, neither of these schools receive academic facility funding and other public school funding provided for under Arkansas law.
RESPONSE
With respect to your first question, the issue of whether a school that is open to the public and supported by state tax dollars is a "free public school" as contemplated in Ark Const. article 14, § 1 is fact intensive and will depend on the nature of the institution. Although your request is stated generally in terms of all publicly supported schools that are open to the public, you indicate in your statement of background facts that you are specifically concerned about the Arkansas School for the Deaf and the Arkansas School for the Blind. For reasons discussed in the text of this opinion, although I believe these institutions might be characterized as "free public schools," they are such pursuant to Ark. Const. art. 19, § 19, not Article 14.
With respect to your second question, I do not believe the Arkansas School for the Deaf and the Arkansas School for the Blind are subject to the facilities funding formulas applicable to school districts enacted in the wake of Lake View School District No. 25 v. Huckabee,351 Ark. 31, 91 S.W.3d 472 (2002), which addressed such funding only with respect to school districts subject to the strictures of Article 14. However, in light of the fact that the Arkansas School for the Deaf and the Arkansas School for the Blind are constitutionally mandated and represent the only avenue of free public education for their students, I believe the state is obligated to provide students academic facilities that will ensure a full opportunity for an adequate education under Arkansas law. Stated differently, as a matter of constitutional law independent of Article 14 — namely, the provisions of Article 19, § 19 — I believe that the state is obliged to provide these two constitutionally required schools with adequate facilities. Because at least certain of the students attending these two constitutionally mandated schools are obliged to do so, rendering these institutions their only access to public education, I believe they are constitutionally entitled to academic facilities adequate to allow them an opportunity to realize their potential to an extent equal to that of regular school-district students. In my opinion, to conclude otherwise would raise serious equal-protection issues under the Ark. Const. arts.2, 3, and 18. However, as noted above, providing these special-needs students what the court in Lake View termed "a substantially equal opportunity for an adequate education" might entail adopting a significantly different approach, including an approach to facilities financing, than might apply in a regular school district. Gauging the state's success in meeting its overarching obligation to provide an adequate and suitable system of free public education in these two constitutionally mandated specialized schools might entail applying an analytical model, including an analysis of facilities funding, that differs from that applicable to regular school districts. Moreover, conducting any such analysis would necessarily be highly fact-specific and as such falls outside the capacity or the authority of this office to undertake.
Question 1: If an Arkansas student attends an Arkansas school supported by state tax dollars and the school is open to the public, is that school a "free public school" as referenced in Ark. Const. art. 14, sec. 1?
Although your question is generally stated, the focus of your question appears to be on facilities funding for the Arkansas School for the Deaf and the Arkansas School for the Blind. The existence of these schools is mandated by Ark. Const. art. 19, § 9, which provides:
 It shall be the duty of the General Assembly to provide by law for the support of institutions for the education of the deaf and dumb and the blind. . . .
While these institutions might indeed be characterized as "free public schools," their existence is mandated by a constitutional provision other that Ark. Const. art. 14 and their implementing legislation is contained in chapters of the Code other than those applicable to school districts directly subject to the provisions of Ark. Const. art. 14. See response to question 2, infra.
Question 2: If the answer to question 1 is "yes," is the state required to provide funding to ensure that the school's academic facilities are sufficient to provide a substantially equal opportunity for an adequate education under Arkansas law?
Given that the Arkansas School for the Deaf and the Arkansas School for the Blind are constitutionally mandated free public schools whose students, with limited statutory exceptions, have no choice but to attend, I believe those students are entitled to what you term "a substantially equal opportunity for an adequate education under Arkansas law." However, acknowledging as much is not to concede that the nature of that education, including both adequate per-student expenditures and adequate facilities funding, must necessarily match those in public school districts.
I should note at the outset that the residents of the Arkansas School for the Deaf and the Arkansas School for the Blind reside in those institutions because they lack any other public-school settings to meet their particular educational needs. Although the courts have offered little construction of the constitutional mandate that the state support "institutions for the education of the deaf and dumb and the blind," Article 19, § 19, the legislature has made clear that this provision should not be read as requiring that all deaf and blind children be automatically institutionalized. On the contrary, A.C.A. § 6-43-105(a) (Supp. 2007) provides:
 Every parent, guardian, or other person having control of any mentally normal minor over eight (8) years of age who is defective in hearing or sight to the extent that he or she cannot be benefitted by instruction in the public schools shall be required to send such a minor to the Arkansas School for the Deaf or the Arkansas School for the Blind.
(Emphasis added.) The highlighted portion of this statute, which has been a part of the Code since the enactment of Acts 1925, No. 117, clearly reflects a legislative intention to "mainstream" deaf and blind students into a public school district whenever possible.[1] This priority is further reflected in A.C.A. § 6-41-204 (Supp. 2007) which provides:
 (a) Each public agency shall ensure that:
 (1) To the maximum extent appropriate, a child with a disability, including a child in a public or private institution or other care facility, is educated with children who are nondisabled; and
 (2) Special classes, separate schooling, or other removal of a child with a disability from the regular educational environment may occur only if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.
 (b) The state funding mechanism shall not:
 (1) Result in placements that violate the requirements of subsection (a) of this section; or
 (2) Distribute funds on the basis of the type of setting in which a child is served in a manner that results in the failure to provide a child with a disability free appropriate public education according to the unique needs of the child with a disability, as described in the child's individualized education program.
Subsection 6-41-204(a)(2) of the Code (Supp. 2007) similarly provides:
 Special classes, separate schooling, or other removal of a child with a disability from the regular educational environment may occur only if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.
To the extent that the goal of mainstreaming cannot be accomplished, the state has mandated that a deaf or blind child be assigned to either the Arkansas School for the Deaf or the Arkansas School for the Blind, as appropriate. In my opinion, the significance of this fact is that these two institutions are the only avenues of constitutionally required free public education available to these categories of disabled students. Under these circumstances, I believe the state is obviously obligated to provide these special-needs students with adequate facilities. See Maddox v. Neal, 45 Ark. 121, 124 (1885) ("It is the clear intention of the constitution and the statutes alike, to place the means of education within the reach of every youth" (emphasis added).).
The narrow issue, then, is whether the formulas enacted by the legislature specifically in response to the court's directives in Lake View regarding educational facilities requirements applicable to school districts under Amendment 14 should necessarily apply to the School for the Deaf and to the School for the Blind.[2] In my opinion, they should not. The implementing legislation for Amendment 14 in the wake of Lake View is contained in the Public School Funding Act of 2003, Acts.2003 (2nd Ex. Sess.), No. 59, § 1, A.C.A. §§ 6-20-2301 through-2307 (Supp. 2007) and in the Arkansas Public School Academic Facilities Funding Act, A.C.A. § 6-20-2501 through-2515 (Supp. 2007). Neither act includes within its scope students who are not enrolled in a "school operated by the school district," see A.C.A. §§ 6-20-2303(3)(C)(i) and6-20-2503(3)(B)(i). The provisions of these Acts would thus not appear to apply to the state-operated School for the Deaf and the School for the Blind, whose administration and funding is controlled by Chapter 41 of the Arkansas Code (Repl. 1999 Supp. 2007) (dealing with special educational programs for children with disabilities, including the deaf and the blind, see A.C.A. § 6-41-203(1)) and by A.C.A. §§ 6-43-101
through-321 (Repl. 1999 Supp. 2007) (specifically addressing the School for the Deaf and the School for the Blind). In my opinion, the controlling legislation with regard to facilities funding for the School for the Deaf and the School for the Blind is the above referenced A.C.A. § 6-41-204(b)(2), which obligates the state, depending upon "the type of setting in which a child is served . . . to provide a child with a disability free appropriate public education" — a mandate that would include providing adequate facilities funding.
Having offered this opinion, I should note my belief that the Public School Funding Act contains various statements of general principle that would apply to the students enrolled in the Arkansas School for the Deaf and the Arkansas School for the Blind. For instance, A.C.A. § 6-20-2302(b) (Supp. 2007) specifically invokes Lake View in support of the declaration that "it is the absolute duty of the State of Arkansas to provide all public school children with an opportunity for an adequate education." Subsection (c)(4) of this statute further declares that a system of public education must "assure that students with disabilities have the opportunity to graduate from high school by demonstrating alternative competencies or alternative levels of competency." In my opinion, to suggest that these salutary goals would not apply to a disabled student who is required as a matter of law to be institutionalized would invite an equal protection challenge, as would the proposition that students who have no alternative but to attend the School for the Deaf or the School for the Blind might be educated in facilities less amenable to their needs than are the facilities of common-school students to theirs.
It will of necessity be difficult to measure whether a profoundly disabled student who is being educated in an entirely different system of education than that provided by a public school district is being afforded a "substantially equal opportunity for an adequate education" in comparison to a public school student. I can only opine that a special-needs student is entitled to a "suitable and efficient" educational environment that will enable him to fulfill his potential and hopefully graduate at least from high school. See A.C.A. §§ 6-20-2302(c)(4) and-2302(c)(5) (Supp. 2007) (identifying graduation from high school, even if by means of an alternative curriculum, as a mandatory goal in the case of disabled students in the public schools). In this regard, I will note that the sections of the Code dealing generally with the education of disabled students and specifically with the School for the Deaf and the School for the Blind appear to be tailored to provide deaf and blind children with the specialized education that their particular circumstances require. Whether the implementation of this legislation accords with the constitutional mandates discussed above can only be determined by a finder of fact.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] But see Walls v. State Board of Education, 195 Ark. 955, 961-62,116 S.W.2d 354 (1938) (opining, in dictum, that "[o]bviously, on account of their affliction, blind children cannot be educated with those who are not blind, nor by the same methods"). In Op. Att'y Gen. No. 2001-072, my predecessor strongly questioned whether the court in Walls accurately stated the law on this point. In this regard, A.C.A. §6-41-202 (Supp. 2007) provides:(a)(1) It is the policy of this state to provide and to require school districts to provide, as an integral part of the public schools, a free appropriate public education for students with disabilities.(2) The State Board of Education is expressly authorized to assign responsibility for providing free appropriate public education of any child with a disability to an appropriate school district.(b) The provisions of this section shall apply to all political subdivisions of the state that are involved in the education of children with disabilities, including without limitation the state educational agency, local educational agencies, educational service agencies, public charter schools that are not otherwise included as local educational agencies or educational service agencies and are not a school of a local educational agency or educational service agency, other state agencies and schools, including without limitation the Department of Mental Health and Welfare and state schools for children with deafness or children with blindness, and state and local juvenile and adult correction facilities.(c) The provisions of this section shall be binding on each public agency in the state that provides special education and related services to children with disabilities, regardless of whether that agency is receiving funds under Part B of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.The upshot of both state and federal law, then, appears to be that deaf and blind students should be accommodated within the public school districts unless doing so would not serve their interests, in which case they should be assigned to the School for the Deaf or the School for the Blind, as appropriate.
[2] In Lake View, supra, the court summarized the certified class as comprising "all school districts in the state, students and parents of students in all school districts, school board members of all school districts, and school district taxpayers who support the system."351 Ark. at 43. *Page 1